UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TARA BELLIARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDIA, INC.; "DOE(S) 1-100" employees of EXPEDIA, INC.; and "CORPORATION(S) XYZ 1-100,"<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>[JURY DEMAND] |

COMES NOW Plaintiff Tara Belliard by and through her attorneys of record, Ada K. Wong and Rolf Gardner Toren at AKW Law, P.C., in the above-entitled matter and alleges as follows:

## I.   PARTIES

1. Plaintiff Tara Belliard is an adult citizen of the United States.

2. Defendant Expedia, Inc. ("Expedia") is and was at all times material hereto, doing business in King County, Washington.

3. Defendant Expedia employed 8 or more employees at all relevant times herein,

COMPLAINT FOR DAMAGES - 1
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

and is an employer as defined in the Washington Law Against Discrimination ("WLAD") and an employer as defined in Title VII of the Civil Rights Act of 1964 ("Title VII").

4. Defendants "Doe(s) 1-100," in doing the things complained of herein, were acting within the course and scope of their employment by Defendant Expedia.

5. Defendants "Corporation(s) XYZ 1-100" are corporations whose identities are unknown to Plaintiff at this time but in doing the things complained of herein, were acting within the course and scope of their relationship with Defendant Expedia, and/or were entities involved in causing harm to Plaintiff as alleged herein. Each Defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of Defendant Expedia in causing the harm as alleged herein.

## II.   JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391 because Defendant Expedia conducts business in King County, Washington, and a substantial part of the events or omissions giving rise to the claims occurred in King County, Washington, which is within the district of the Western District of Washington.

8. On or about March 7, 2025, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On July 8, 2025, the EEOC issued Plaintiff a Notice of Your Right to Sue, authorizing Plaintiff to file a lawsuit against

COMPLAINT FOR DAMAGES - 2
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

Defendant Expedia under federal law within 90 days.

## III. FACTS

9. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 8, above.

10. Expedia currently operates one of the world's largest online travel agencies, providing travelers with instantaneous research, planning, and booking information.

11. In 2024 alone, Expedia brought in a gross revenue of $13,691,000,000 and employed approximately 16,500 individuals.

12. Expedia's mission is to "power global travel for everyone, everywhere through our global platform. Driven by the core belief that travel is a force for good, we help people experience the world in new ways and build lasting connections."

13. On or about September 25, 2023, Plaintiff Tara Belliard began her full-time employment with Expedia as Director of People Analytics and Insights. Plaintiff Belliard's beginning wage was approximately $250,000/year, plus benefits.

14. Plaintiff Belliard started her role at Expedia with enthusiastic energy and positive experiences, leading her to believe this was going to be a long-term and enjoyable career.

15. Through the end of that year, Plaintiff's Belliard's employment experience with Expedia was positive, and she was praised repeatedly by multiple co-workers for her hard work and beneficial impact to her team.

16. In or around beginning of 2024, Vice President of People Analytics and Experience Brydie Lear. ("VP Lear") began discriminating against Plaintiff Belliard.

COMPLAINT FOR DAMAGES - 3
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

17.     In one instance, after Plaintiff Belliard declined an after-hours event due to family responsibilities, VP Lear remarked she was glad she didn't "work this hard to be a housewife." Plaintiff Belliard was caught off guard by VP Lear's sex-based stereotype.

18.     On or about January 2024, VP Lear instructed Plaintiff Belliard to give a poor performance evaluation to Senior Manager of People Analytics Consulting Rini Vasudevan, a female direct report of Plaintiff Belliard's, who had recently taken bereavement leave.  Plaintiff Belliard reported to VP Lear and HR Brenda Pham her concerns about giving a poor performance review to an employee because they took leave.

19.     Following Plaintiff Belliard's reports, Human Resources decided that Plaintiff Belliard was not to give Sr. Manager Vasudevan any review for the fourth quarter of 2023.

20.     On or about March 26, 2024, Plaintiff Belliard met with HR Rachel Sacramento Coloma to discuss Plaintiff Belliard's concerns about VP Lear's discriminatory conduct, specifically related to the discriminatory rating VP Lear wanted to give Sr. Manager Vasudevan. Plaintiff Belliard also reported she feared retaliation from VP Lear because she opposed and reported VP Lear's discriminatory conduct.

21.     Over the next couple of months, VP Lear started a campaign of retaliation against Plaintiff Belliard.

22.     VP Lear attempted to discredit Plaintiff Belliard by falsely telling staff that she needed them to step up and assist Plaintiff Belliard with her analytics, portraying her as inexperienced.  Plaintiff Belliard asked VP Lear to stop spreading this false narrative, but she ignored Plaintiff.

COMPLAINT FOR DAMAGES - 4
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

23. On May 17, 2024, during a call with Plaintiff Belliard, VP Lear, and three of Plaintiff Belliard's team members, VP Lear claimed Plaintiff Belliard's team onboarding deck was overdue compared to other teams and ordered them to work over the weekend to finish it. Plaintiff Belliard's team complied, completing and submitting the deck that weekend.

24. Plaintiff Belliard later found out from HR Business Partner Caroline Gerner that VP Lear lied to Plaintiff Belliard, and no other team had submitted their onboarding deck, and in fact, they were not due until the following week.

25. VP Lear was targeting Plaintiff Belliard.

26. On or about May 23, 2024, Plaintiff Belliard and HR Sacramento Coloma met to further discuss Plaintiff Belliard's reports of VP Lear's discrimination.

27. In May 2024, during a one-on-one meeting, VP Lear told Plaintiff Belliard she had lost trust in her, citing an email that allegedly showed her leadership had frustrated her team. When pressed to share the email, VP Lear first claimed she could not find it, then admitted it did not support her claim, saying she had misread it. This left Plaintiff Belliard confused and frustrated.

28. On or about June 5, 2024, Plaintiff Belliard informed VP Lear of her intention to use protected military spouse leave in August 2024.

29. On or about June 25, 2024, during a mid-year performance review, VP Lear told Plaintiff Belliard she could not do her job. Plaintiff Belliard disagreed with VP Lear's assessment, which was clear retaliation for reporting VP Lear's ongoing sex discrimination to HR.

COMPLAINT FOR DAMAGES - 5
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

30.     In July 2024, before leaving Expedia, Inclusion & Diversity ("I&D") Interim Lead Sophia Zeinu met separately with VP Lear and Plaintiff Belliard.  VP Lear told Plaintiff Belliard that Lead Zeinu was dissatisfied with the partnership with Plaintiff Belliard.  This conflicted with Lead Zeinu's later meeting with Plaintiff Belliard, where she offered only praise and thanks to Plaintiff Belliard.  The contradiction left Plaintiff Belliard confused and concerned about VP Lear's ongoing retaliation against her.

31.     On July 1, 2024, during a talent calibration session, VP Lear tried to pressure Plaintiff Belliard into giving a female direct report an undeserved poor performance review.  Plaintiff Belliard refused, defending the employee's performance, after which VP Lear continued targeting and retaliating against Plaintiff.

32.     After Plaintiff Belliard took protected military spouse leave, VP Lear irritably and incorrectly told her she had no remaining PTO, expressing frustration that she took leave during a busy period but had to allow it due to company policy.  This tense interaction left Plaintiff Belliard feeling the VP Lear was not going to stop retaliating.

33.     On or about July 9, 2024, Plaintiff Belliard filed a report against VP Lear with Vice President of Human Resources Barrie Stone.

34.     On or about July 12, 2024, VP Lear submitted Plaintiff Belliard's mid-year performance review, rating her as "not consistently meeting expectations."  This negative review was based, in part, on the People Impact Framework that Plaintiff Belliard and her team had developed.

35.     Plaintiff Belliard later learned that VP Lear was going to present the People Impact

COMPLAINT FOR DAMAGES - 6
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

Framework at a People Analytics Conference in New York. VP Lear passed that work off as her own, taking credit for Plaintiff Belliard's hard work. VP Lear retaliated against Plaintiff by giving a false, poor performance review on work which VP Lear later took credit.

36. On or about July 29, 2024, Plaintiff Belliard met with Regional HR Manager Brenda Pham and shared her reports about how she and her female team were being unfairly rated by VP Lear. Following this conversation, Plaintiff Belliard followed up with HR Stone and HR Sacramento Coloma to further discuss her reports of discrimination by VP Lear.

37. On or about July 31, 2024, Plaintiff Belliard and VP Lear met to discuss Plaintiff Belliard's mid-year performance review, at which time VP Lear told Plaintiff Belliard she was not capable of doing her job and should look for other jobs.

38. On or about August 1, 2024, Plaintiff Belliard again reported VP Lear's discriminatory and retaliatory conduct to HR Sacramento Coloma.

39. On or about August 5, 2024, Plaintiff Belliard again reported VP Lear's discriminatory and retaliatory conduct to HR Partners Cathy Rankin and Meg Slater.

40. On or about August 6, 2024, Plaintiff Belliard again reported VP Lear's discriminatory and retaliatory conduct to Regional HR Manager Pham.

41. On or about August 6, 2024, and August 12, 2024, Plaintiff Belliard met again with HR Sacramento Coloma to follow up on her reports.

42. On or about August 22, 2024, Plaintiff Belliard emailed HR to dispute her inaccurate mid-year performance review.

43. On or about August 29, 2024, Plaintiff Belliard met again with HR Sacramento

COMPLAINT FOR DAMAGES - 7
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

Coloma to discuss VP Lear's ongoing harassment and discriminatory behaviors toward her.

44. On August 30, 2024, VP Lear told Plaintiff Belliard that Plaintiff Belliard and her Seattle team must be in the office by 9 a.m. daily for two weeks for the "Your Voice" survey analysis, not make after-work plans, and be prepared to "sleep under their desks," as only VP Lear could approve them to leave work.

45. Plaintiff Belliard's team was the only one under VP Lear required to stay in the office until dismissed, while others could work from home. Plaintiff Belliard and her team were singled out in retaliation for her reports of VP Lear's misconduct.

46. In September 2024, VP Lear's harassment and retaliation toward Plaintiff Belliard continued as she would ask Plaintiff Belliard to join meetings but would not provide Plaintiff Belliard with any information or agenda about the meeting and ignored Plaintiff Belliard's requests for the information.

47. On or about September 3, 2024, VP HR Stone met with Plaintiff Belliard again to report VP Lear's continued harassment and discriminatory behaviors toward her.

48. On or about September 5, 2024, Plaintiff Belliard again met with HR Sacramento Coloma reporting VP Lear's harassment and discriminatory behavior toward her.

49. On or about September 10, 2024, after Plaintiff Belliard told VP Lear she could not attend a last-minute happy hour due to a family obligation, VP Lear angrily slammed chairs into the conference table and criticized her for prioritizing family. Feeling scared and intimidated, Plaintiff Belliard reported the incident to HR, who advised her to take mental health leave that evening. VP Lear later sent harassing Slack messages following the meeting.

COMPLAINT FOR DAMAGES - 8
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

50. On or about September 11, 2024, Plaintiff Belliard emailed VP HR Stone to report prior evening's events and requested mental health leave of absence.

51. On or about September 23, 2024, after receiving no response to her September 11th request for mental health leave due to VP Lear's treatment, Plaintiff Belliard emailed VP HR Stone and met with HR Sacramento Coloma to discuss VP Lear's harassment, discrimination, and her upcoming leave.

52. On or about September 30, 2024, Plaintiff Belliard's FMLA leave of absence began and was scheduled to end on December 19, with a return-to-work date of December 20.

53. On or about November 5, 2024, Plaintiff Belliard emailed VP HR Stone requesting an update on the status of her reports against VP Lear, as no response had been provided yet.

54. On November 7, 2024, VP HR Stone informed Plaintiff Belliard that the investigation found her retaliation claim against VP Lear unsubstantiated, leaving her subjected to ongoing retaliation and discrimination from VP Lear.

55. On or about November 12, 2024, VP HR Stone fired Plaintiff Belliard, claiming her role was eliminated due to it being redundant.  Shortly thereafter, Plaintiff Belliard saw her near identical position that was "redundant" posted on Expedia's LinkedIn as Senior Director Leadership Development Culture and Experience.

56. Plaintiff Belliard is in disbelief that Defendant Expedia made the decision to discriminate and retaliate against her, which also directly negatively impacted her physical, mental, and emotional wellbeing.

COMPLAINT FOR DAMAGES - 9
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

## IV. FIRST CAUSE OF ACTION
### (TITLE VII—DISPARATE TREATMENT ON THE BASIS OF SEX)

57. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 56, above.

58. An employer violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), when it discriminates against an employee on the basis of sex.

59. Defendants treated Plaintiff differently in the terms and conditions of her employment on the basis of her sex.

60. As a direct and proximate cause of Defendants' actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning capacity, mental distress, physical damages, emotional and psychological injuries, and pain and suffering, in an amount to be proven at trial.

61. The conduct of Defendants was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

62. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

COMPLAINT FOR DAMAGES - 10
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

## SECOND CAUSE OF ACTION
### (WASHINGTON LAW AGAINST DISCRIMINATION – SEX DISCRIMINATION)

63. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 62, above.

64. The Washington Law Against Discrimination, RCW 49.60, *et seq.*, ("WLAD") prohibits discrimination in employment on the basis of the intersection of one or more protected characteristics.

65. Specifically, the WLAD makes it unlawful "[t]o discharge" and/or "discriminate against any person in compensation or in other terms or conditions of employment because of … sex, … sexual orientation, race, creed, [and/or] color…." RCW 49.60.180(2)-(3).

66. Defendants treated Plaintiff differently in the terms and conditions of her employment, including by terminating her, on the basis of her sex in violation of the WLAD.

67. As a direct and proximate cause of Defendants' actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, health and other benefits, loss of earning capacity, mental distress, physical damages, emotional and psychological injuries, and pain and suffering, in an amount to be proven at trial.

68. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

COMPLAINT FOR DAMAGES - 11
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

**THIRD CAUSE OF ACTION**
**(TITLE VII—RETALIATION)**

69. Plaintiff hereby incorporate by reference all allegations contained in paragraphs 1 through 68, above.

70. Plaintiff reasonably believed she and members of her team were discriminated against on the basis of sex, and she opposed such discrimination.

71. Defendant retaliated against Plaintiff because of her protected activities in violation of Title VII.

72. As a direct and proximate cause of Defendants' actions, including hostile work environment, and termination, Plaintiff incurred non-economic damages, including but not limited to mental distress, physical damages, emotional and psychological injuries, and pain and suffering, in an amount to be proven at trial.

73. The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

74. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

**FOURTH CAUSE OF ACTION**
**(WLAD – RETALIATION)**

75. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 74, above.

COMPLAINT FOR DAMAGES - 12
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

76. Plaintiff was treated differently and retaliated against for her protected activities in violation of the WLAD.

77. As a direct and proximate cause of Defendants' deliberate actions, including termination of Plaintiff, Plaintiff incurred non-economic including but not limited to mental distress, physical damages, emotional and psychological injuries, and pain and suffering in an amount to be proven at trial.

78. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## FIFTH CAUSE OF ACTION
## (WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY)

79. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 78, above.

80. A common law wrongful discharge in violation of public policy claim may be predicated on an employer's conduct contradicting the clearly articulated public policy against discrimination declared in the WLAD. *See Roberts v. Dudley*, 140 Wn.2d 58, 77 (2000).

81. Defendants wrongfully terminated Plaintiff on the basis of her sex, or in retaliation for her protected activities in violation of the WLAD.

82. As a direct and proximate cause of Defendants' actions constituting wrongful termination in violation of public policy, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional and psychological injuries, and pain and suffering, in an amount to be proven at trial.
COMPLAINT FOR DAMAGES - 13
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

83. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT SUPERVISION AND HIRING AND FAILURE TO TRAIN)

84. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 83, above.

85. Defendants were negligent in training, hiring, managing, and/or supervising its employees, and/or agents. Defendants were aware or should have been aware of the unlawful actions of its employees, and/or agents, and the failures to correct the wrongful conduct.

86. As a direct and proximate cause of Defendants' actions constituting wrongful termination in violation of public policy, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional and psychological injuries, and pain and suffering, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

87. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 86, above.

88. The acts described herein were extreme and outrageous and were done with the intention of inflicting severe emotional distress upon Plaintiff and were done with reckless disregard as to whether such acts would cause Plaintiff severe emotional distress.

COMPLAINT FOR DAMAGES - 14
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

89. Defendants are strictly liable for the extreme and outrageous acts as outlined above.

90. As a direct and proximate cause of Defendants' actions constituting wrongful termination in violation of public policy, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, emotional and psychological injuries, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

91. At no time did Plaintiff consent or acquiesce to any of Defendants' acts alleged above.

### EIGHTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

92. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 91, above.

93. All Defendants, and each of them, knew or reasonably should have known that the conduct described above would and did proximately result in physical and emotional distress to Plaintiff. Defendants are strictly liable for the conduct and acts as outlined above.

94. As a direct and proximate cause of Defendants' actions constituting wrongful termination in violation of public policy, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, emotional distress, and pain and suffering, in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 15
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

95. At no time did Plaintiff consent or acquiesce to any of Defendants' illegal acts and/or illegitimate behaviors described above.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants on her behalf for the following:

A. Special damages in an amount according to proof at trial;

B. General damages, including but not limited to physical, mental, psychological, and emotional injury resulting from the acts complained of herein;

C. Attorney's fees, prejudgment interest, costs, punitive damages, liquidated damages, and any other appropriate remedy as may be provided by law;

D. Compensation for any tax penalty associated with recovery; and

E. For such other and further relief as the court deems just and equitable.

**DATED** September 23, 2025.

        **AKW LAW, P.C.**

        */s/ Ada K. Wong*
        Ada K. Wong, WSBA #45936
        Attorney for Plaintiff
        10202 5th Ave NE, Suite 200
        Seattle, WA 98125
        Tel.: (206) 259-1259
        E-mail: ada@akw-law.com

        */s/ Rolf Gardner Toren*
        Rolf Gardner Toren, WSBA #58597
        Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 16
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
E-mail: rolf@akw-law.com

COMPLAINT FOR DAMAGES - 17
*BELLIARD V. EXPEDIA, INC., ET AL.*

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529